UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Larry Lemay

    v.                                          Civil No. 08-cv-286-SM

State of New Hampshire, et al.

**REPORT AND RECOMMENDATION**

Before the Court is Larry Lemay, who has filed a complaint (document no. 1) alleging that his rights were violated by the defendants when he was convicted of speeding five times in the State of New Hampshire. Because Lemay is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether Lemay has stated any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes pro se

pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Between January 22, 2006 and the date this action was filed, Larry Lemay was pulled over and cited for speeding five times on the roads of New Hampshire.  On each occasion, Lemay pleaded not guilty to the speeding violation in the state district court, and

then filed a pretrial discovery request seeking documentation of engineering surveys and traffic investigations used to justify the posted speed limits he was charged with exceeding.  In each instance, the state official prosecuting the matter stated that they were not in possession of such information, and that Lemay would therefore have to obtain it elsewhere.  Lemay, apparently, never obtained the information sought, and was convicted of speeding in each case.  The complaint does not state whether or not Lemay litigated the speeding convictions beyond the state district court verdict.

   Here, Lemay alleges that the speed limits he was convicted of violating are unconstitutional because they are arbitrary and capricious unless based on traffic and engineering surveys and investigations required by New Hampshire law.  In addition to damages, Lemay seeks an Order from this Court striking his five state court convictions for speeding, as well as an order directing the State of New Hampshire and each municipality within the state to perform engineering and traffic surveys for all posted speed limits on all public roadways in New Hampshire.

Discussion

As stated above, Lemay has not divulged the status of his speeding convictions in the state courts. It is therefore not certain whether he has taken an appeal of any of the convictions to the New Hampshire Supreme Court, whether he let the convictions lie, or whether he is currently involved in state court appellate or post-conviction litigation of these matters. In any of these circumstances, however, Lemay's claims raise a question, either of subject matter jurisdiction that this court is obliged to consider and resolve sua sponte, see Healthco Int'l v. Brandt, 136 F.3d 45, 50 n.4 (1st Cir. 1998), or of the appropriateness of the consideration of this matter by this Court at this time, even in the presence of subject matter jurisdiction.

Specifically, this Court may be precluded from exercising jurisdiction over this action under the Rooker-Feldman doctrine, which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, ___, 126 S.Ct. 1198, 1201 (2006) (affirming principles established in D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fid. Trust Co., 263 U.S.

413, 416 (1923)).  If Rooker-Feldman does not bar this action, this Court is precluded from considering the matter by the Younger abstention doctrine, which provides that federal courts should, in certain circumstances, present here, abstain from entertaining cases involving issues that are the subject of ongoing state judicial proceedings.  Younger v. Harris, 401 U.S. 37, 43-44 (1971).

I.   Rooker-Feldman

The Rooker-Feldman doctrine applies to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing Lance v. Dennis, 546 U.S. 459, 466 (2006) and Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 291 (2005)). Rooker-Feldman further forecloses federal court jurisdiction over claims that are inextricably intertwined with claims already adjudicated in a state court proceeding.  See Mills v. Harmon Law Offices, 344 F.3d 42, 44 (1st Cir. 2003); Wilson v. Shumway, 264 F.3d 120, 125 (1st Cir. 2001); Sheehan v. Marr, 207 F.3d 35, 39-40 & n.4 (1st Cir. 2000); Wang v. N.H. Bd. of Reg'n in Med.,

55 F.3d 698, 703 (1st Cir. 1995).  "A federal claim is inextricably intertwined with the state court claims if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Sheehan, 207 F.3d at 40 (internal citations omitted).

Applying the Rooker-Feldman doctrine to this case, I find that the plaintiff's claims derive from the same facts, circumstances, and legal issues that were at issue in the speeding proceedings before the state district courts.  In addition to the fact that Lemay has specifically requested that this Court overturn the findings and orders of those courts, to decide the claims themselves, this Court must re-examine the decisions of the state courts that heard this matter. Specifically, this Court would delve into the propriety of discovery and evidentiary rulings and the state courts' application of the facts before them to New Hampshire law, in addition to the correctness of the courts' final decisions. Lemay asks this Court to, in essence, pass judgment on the state court's rulings and decisions as though this Court were an appropriate appellate venue in this matter, which it is not. Additionally, to the extent that Lemay's constitutional challenge

to the imposition of speed limits by the state has not been litigated in the state courts, I find, given the facts asserted in the complaint, and the relief Lemay seeks, that this issue is inextricably intertwined with those decided by the state courts. Accordingly, to the extent that the state courts have entered final judgment in the speeding cases, Rooker-Feldman applies, and deprives this Court of jurisdiction over this action.  In the event that final judgements have entered in the state cases, I recommend the complaint be dismissed on that basis.

II.   Younger Abstention

My application of the Rooker-Feldman doctrine in this matter presumes that the state courts have entered final judgment in the speeding cases.  Lemay makes no reference to appealing these matters to either the New Hampshire Supreme Court or the United States Supreme Court.  Further, I can find no published opinion deciding an appeal of these matters.  Should my presumption be incorrect, however, and the matters are ongoing, either in the appellate court or because an appeal has not been taken in a court with jurisdiction, and such an appeal may still be filed, I would still recommend dismissal as I find this Court should, in those circumstances, apply the abstention doctrine set forth in

Younger, 401 U.S. at 43-44, and abstain from entertaining this matter. See Huffman v. Pursue, Ltd., 420 U.S. 592, 603-05 (1975) (discussing that Younger is grounded in principles of comity and noting that federal courts should not, in certain circumstances, interfere with state courts).

The Younger abstention principle provides that federal courts should abstain from entertaining cases involving issues that are the subject of currently pending state judicial proceedings when: (1) there is an ongoing state proceeding which is judicial in nature; (2) important state interests are involved; and (3) the plaintiff will have an adequate opportunity in the state proceeding to raise the constitutional challenges presented by the federal law suit. Younger, 401 U.S. at 43-44; Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982) (applying the abstention defined in Younger, a criminal case, to civil cases); Brooks v. N.H. Sup. Ct., 80 F.3d 633, 638 (1st Cir. 1996). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa

Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir. 1993). Federal court intervention can be countenanced only where a plaintiff can show there is no opportunity to raise the federal issues in a state court, a state statute under attack is "flagrantly and patently violative of express constitutional prohibitions in every clause," or plaintiffs can show "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." Younger 401 U.S. at 53-54.

There is no doubt that the conduct of drivers on New Hampshire roadways is an important matter of state interest, as the State has dedicated substantial legislative efforts to the subject. See N.H. Rev. Stat. Ann. § 259, et seq. Further, none of the facts Lemay alleges suggest that he has been denied an adequate opportunity in the state courts to adjudicate all of the issues raised in this action, including his federal constitutional claim. Lemay makes no assertion stating or otherwise implying that he was unable to fully litigate the propriety of the state court decisions in the state court system. The state courts did not deny Lemay the opportunity to present his arguments; they simply denied him the relief he sought. In the event that a state court case is ongoing, therefore, I

recommend dismissal of this case based on the <u>Younger</u> abstention doctrine.

Conclusion

As explained fully above, I recommend that this matter be dismissed, as this Court either lacks jurisdiction to entertain this action, or should abstain from doing so, even in the presence of subject matter jurisdiction. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:     January 26, 2009

cc:       Larry Lemay, pro se